THE STATE EX REL. UNION COUNTY VETERANS SERVICE
COMMISSION ET AL. *v.* PARROTT, JUDGE, ET AL.

[Cite as *State ex rel. Union Cty. Veterans Serv. Comm.
v. Parrott,* 108 Ohio St.3d 302, 2006-Ohio-92.]

(No. 2005–1162—Submitted November 8, 2005—Decided January 12, 2006.)

**Per Curiam.**

{¶ 1} This is an original action for a writ of mandamus to compel common pleas court judges to comply with their statutory duty to appoint a member of a county veterans service commission.

{¶ 2} Relator Union County Veterans Service Commission is composed of five honorably discharged or honorably separated veterans who are residents of Union County and are appointed to five-year terms by a judge of the Union County Court of Common Pleas. Relator Max Amrine is the president of the commission, and relator Clarence Durban was a member of the commission serving as an American Legion representative, whose term expired on December 31, 2004.

{¶ 3} In September 2004, Amrine notified respondent Judge Richard Parrott of the Union County Court of Common Pleas that the judge needed to appoint someone to serve as the American Legion representative on the commission upon the expiration of Durban's term on December 31, 2004. On November 1, 2004, the commission submitted to Judge Parrott a list of recommended candidates for appointment to fill the imminent American Legion vacancy.

{¶ 4} Judge Parrott did not appoint any qualified candidate to serve as American Legion representative on the commission upon the expiration of Durban's term. Judge Parrott, in letters dated December 18, 2003, May 4, 2004, and July 27, 2004, asserted that his refusal was based upon a disciplinary advisory opinion.

{¶ 5} On December 31, 2004, Durban's term expired, creating a vacancy in the commission. In 2005, the commission requested that respondent Judge Charlotte Eufinger of the Union County Court of Common Pleas, Probate and Juvenile Division, make the appointment, but like Judge Parrott, she refused.

{¶ 6} On June 29, 2005, relators, the commission, Amrine, and Durban, filed this action for a writ of mandamus to compel Judge Parrott or Judge Eufinger to appoint a representative to the commission. On July 20, 2005, respondents answered. On July 26, this case was referred to mediation. On October 20, the case was returned to the regular docket.

{¶ 7} This cause is now before us for our determination under S.Ct.Prac.R. X(5) whether dismissal, an alternative writ, or a peremptory writ is appropriate. "[I]f the pertinent facts are uncontroverted and it appears beyond doubt that [the relator] is entitled to the requested writ, we will issue a peremptory writ of mandamus." *State ex rel. Highlander v. Rudduck*, 103 Ohio St.3d 370, 2004-Ohio-4952, 816 N.E.2d 213, ¶ 8.

{¶ 8} Relators claim entitlement to a writ of mandamus to compel the common pleas court judges to appoint a member to the commission. In order to be entitled to the requested writ, relators must establish a clear legal right to compel the common pleas court judges to make the appointment, a corresponding clear legal duty on the part of the judges to appoint a member, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 10.

{¶ 9} "In mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the legislative branch of government, and courts are not authorized to create the legal duty enforceable in mandamus." *State ex rel. Lecklider v. School Emp. Retirement Sys.*, 104 Ohio St.3d 271, 2004-Ohio-6586, 819 N.E.2d 289, ¶ 23. For appointment of county veterans service commission members, the General Assembly enacted R.C. 5901.02, which provides the following procedure:

{¶ 10} "In each county there shall be a commission known as 'the veterans service commission.' Except as provided in section 5901.021 of the Revised Code, the commission shall be composed of five residents of the county *appointed to five-year terms by a judge of the court of common pleas.* * * *

{¶ 11} "Each member of the commission appointed under this section shall be an honorably discharged or honorably separated veteran. * * * Such appointments shall be made from lists of recommended persons, in the manner specified in the following paragraph. *One person shall be a representative recommended by the American Legion*; one person shall be a representative recommended by the Veterans of Foreign Wars; one person shall be a representative recommended by the Disabled American Veterans; one person shall be a representative recommended by the AMVETS; and one person shall be a representative recommended by the Military Order of the Purple Heart of the U.S.A., the Vietnam Veterans of American, or the Korean War Veterans Association. * * *

{¶ 12} "On or before the fifteenth day of October of each year, the appointing judge shall notify each post or chapter of each organization within the county from which the member may or must be appointed that it may submit a list containing three recommendations of persons who are eligible for appointment. If the judge does not receive any recommendations within sixty days after providing the required notification, the judge may appoint any qualified veteran to represent the veteran community. *The judge shall make the appointment on or before the fifteenth day of January each year. Any vacancy in a membership appointed under this section shall be filled in the same manner as the original appointments.*

{¶ 13} "Beginning in the year 2000, appointment of members of the commission under this section shall be made as follows:

{¶ 14} "(A) *Appointments for members to represent the American Legion shall be made for terms to commence in years ending in zero and five.*" (Emphasis added.)

{¶ 15} We have recognized that "R.C. Chapter 5901 provides for a comprehensive plan of services and benefits to needy veterans of the armed forces. Pursuant to this chapter, veterans service commissions in each county throughout the state are charged with ensuring that these mandates are met." *Lynch v. Gallia Cty. Bd. of Commrs.* (1997), 79 Ohio St.3d 251, 253, 680 N.E.2d 1222. R.C. 5901.02 imposes a duty upon common pleas judges to appoint the members of county veterans service commissions, including a member recommended by the American Legion. More specifically, under R.C. 5901.02, the Union County Court of Common Pleas judges have a duty to appoint a commission member to represent the American Legion for a five-year term commencing in 2005, and relators have a right to compel the judges to abide by R.C. 5901.02.

{¶ 16} The judges assert in their answer that making the appointment could violate Canons 4(C)(2), 2(A), and 2(B) of the Code of Judicial Conduct. In letters that he acknowledged in his answer, Judge Parrott relied on Advisory Opinion 2003–9 issued by the Board of Commissioners on Grievances and Discipline on December 5, 2003, which interpreted those canons. In that opinion, the board concluded, "Under Canon 4(C)(2), Canon 2(B) and Canon 2(A) of the Ohio Code of Judicial Conduct, common pleas court judges should not serve on judicial corrections boards for community-based correctional facilities and programs." Id. at syllabus.

{¶ 17} For the following reasons, however, the board's opinion does not justify the common pleas judges' refusal to comply with their manifest legal duty under R.C. 5901.02. First, as Judge Parrott acknowledged in a response to a letter from a board staff attorney, the board informed him that there is a distinction between a judge's *serving* on a board—the issue in Advisory Opinion 2003–9—

and a judge's *appointing* individuals to a board—the issue here. Second, the board's advisory opinion is informal and nonbinding. Gov.Bar R. V(2)(C). Third, the board stayed its opinion and issued a December 19, 2003 press release noting that common pleas court judges serving on judicial corrections boards for community-based correctional facilities and programs "may continue to serve on such boards at this time."

{¶ 18} Notably, the Canons of the Code of Judicial Conduct at issue in Advisory Opinion 2003–9 are inapplicable here because the judges are not being appointed, are not serving on the commission, and are not engaging in various prohibited activities. See Canon 4(C)(2) ("A judge shall not accept appointment to a governmental committee or commission or other governmental position that is concerned with issues of fact or policy on matters other than the improvement of the law, the legal system or the administration of justice"), Canon 2(B) ("A judge may serve as an officer, director, trustee, or non-legal advisor of an organization or governmental agency devoted to the improvement of the law, the legal system, or the administration of justice or of an educational, religious, charitable, fraternal, or civic organization not conducted for profit, subject to the following limitations and other requirements of this Code"), and Canon 2(A) ("A judge may engage in activities to improve the law, the legal system, and the administration of justice, provided those activities do not cast doubt on the judge's capacity to act impartially as a judge, demean the judicial office, or interfere with the proper performance of judicial duties").

{¶ 19} Based on the foregoing, relators have established their entitlement to the writ. R.C. 5901.02 confers a legal right to the appointment of a commission member to represent the American Legion and a corresponding legal duty on the part of a common pleas court judge to make the appointment. Relators lack any adequate alternate remedy in the ordinary course of law to compel a judge's action. Therefore, because the pertinent facts are uncontroverted and, from these facts, it is beyond doubt that relators are entitled to the requested writ, we grant a peremptory writ of mandamus to compel Judge Parrott to appoint a qualified person as a commission member representing the American Legion. This decision renders moot relators' alternate mandamus claim against Judge Eufinger.

Writ granted.

Moyer, C.J., Resnick, Pfeifer, Lundberg Stratton, O'Connor, O'Donnell and Lanzinger, JJ., concur.

---

David Yost, Special Prosecuting Attorney for Union County, and William J. Owen, Assistant Prosecuting Attorney, for relators.

306

Wiles, Boyle, Burkholder & Bringardner Co., L.P.A., Michael L. Close, and Lauren S. Brill, for respondents.