THE STATE EX REL. DAYTON LAW LIBRARY ASSOCIATION, APPELLEE,
*v.* WHITE, CLERK, APPELLANT, AND MONTGOMERY COUNTY
BOARD OF COMMISSIONERS ET AL., APPELLEES.

[Cite as *State ex rel. Dayton Law Library Assn.
v. White,* 110 Ohio St.3d 335, 2006-Ohio-4573.]

(No. 2006–0042—Submitted June 6, 2006—Decided September 20, 2006.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment granting a writ of mandamus to compel a municipal court clerk to pay to a county those fine moneys that had been withheld as an offset against unpaid costs incurred in connection with unsuccessful state-law prosecutions.

{¶ 2} In 1977, upon a request by the Montgomery County Prosecuting Attorney for an opinion regarding costs for certain state prosecutions in Kettering Municipal Court, the Ohio Attorney General issued Opinion No. 77–088, in which he concluded:

{¶ 3} "In an unsuccessful criminal prosecution, brought in a municipal court for an alleged violation of state law, fees for witnesses and jurors, and other court costs, are to be paid by the county." 1977 Ohio Atty.Gen.Ops. No. 77–088, syllabus.

{¶ 4} Since the issuance of that opinion, the Clerk of the Kettering Municipal Court has been billing Montgomery County for all court costs related to unsuccessful state-law prosecutions in municipal court. The Kettering Municipal Court is the only court that charges Montgomery County for court costs related to unsuccessful state-law prosecutions. The clerk also remitted to the county all fines collected for the successful prosecution of state-law violations.

{¶ 5} In 2001, Kettering Municipal Court Clerk Gerald Busch stopped remitting to the county the court costs for successful state-law prosecutions, but continued to bill the county for court costs incurred in unsuccessful state-law prosecutions. In November 2001, Montgomery County notified the clerk that it would not be paying bills related to court costs for these unsuccessful Kettering Municipal Court criminal cases. In response, in February 2002, the clerk notified the county that he would be subtracting the amounts due for court costs regarding unsuccessful prosecutions from the state-law fine money. The clerk based his action on 1977 Ohio Atty.Gen.Ops. No. 77–088.

{¶ 6} In state-law cases prosecuted in Kettering Municipal Court, the clerk charged $45 in court costs for each charge dismissed and for each charge upon which the defendant was acquitted. The $45 in court costs was apportioned as follows: $32 for the complaint, $3 for the court-computerization fund, $5 for the clerk-computerization fund, and $5 for the special-projects fund. The clerk later increased court costs to $51 for these unsuccessful state-law prosecutions.

{¶ 7} In 2002, the Montgomery County Board of Commissioners requested that the county prosecutor seek an opinion from the Attorney General concerning this issue. In 2003, the Attorney General concluded:

{¶ 8} "1. When a criminal prosecution brought in a municipal court for an alleged violation of state law results in the dismissal or acquittal of the defendant, the county pays the court costs.

{¶ 9} "2. A county must pay any cost or fee assessed against it by a municipal court in a criminal prosecution for an alleged violation of state law, *provided the court is statutorily authorized to assess the cost or fee against the county.*" (Emphasis added and citations omitted.) 2003 Ohio Atty.Gen.Ops. No. 2003–016, syllabus.

{¶ 10} After the issuance of this opinion, the county and the city conducted various meetings, but the clerk refused to stop making deductions for the specified costs from money owed by the municipal court to the county. From April 2001 through March 2005, the Kettering Municipal Court Clerk deducted $478,954.21 for court costs incurred in unsuccessful state-law prosecutions in municipal court from amounts the court owed to the county. $7,039.35 of these deductions represented costs for witness and bailiff fees.

{¶ 11} Under R.C. 3375.53, a percentage of fines and penalties for violations of liquor-control and state traffic laws collected by each court in the county must be paid to the board of trustees of the county law library association. The Dayton Law Library Association began receiving an amount less than the sum to which it was statutorily entitled because of the Kettering Municipal Court Clerk's deductions in the clerk's payments to Montgomery County.

{¶ 12} On September 24, 2003, appellee Dayton Law Library Association filed a complaint for a writ of mandamus (1) to compel Kettering Municipal Court Clerk Busch to remit to the association or to the Montgomery County Treasury for the benefit of the association any sums owed to the association that had been withheld by the clerk since May 2003 and (2) to cease and desist from deducting money from state-law fines to satisfy unpaid bills sent by the clerk to the county and to remit the money from the fines to the county treasury without deduction.

{¶ 13} Appellant, Kettering Municipal Court Clerk Andrea J. White, who succeeded Busch, filed a cross-claim against appellees Montgomery County Board of Commissioners and the Montgomery County Treasurer. The clerk requested a writ of mandamus to compel the county to (1) "pay Kettering all court costs in 'unsuccessful' state law criminal cases that are prosecuted on behalf of the County in the Kettering Municipal Court," (2) "account for or give credit to Kettering for the payments that Kettering has made to the County by discharging indebtedness that the County owes to Kettering for court costs in 'unsuccessful' state law criminal cases that are prosecuted on behalf of the County in the

Kettering Municipal Court," and (3) "base the calculation of the amounts that it must pay to the Law Library pursuant to R.C. 3375.53 upon *all* of the payments that Kettering has made to the County pursuant to [various statutes], including both: (1) the payments that Kettering has made to the County by discharging indebtedness that the County owes to Kettering for court costs in 'unsuccessful' state law criminal cases that are prosecuted on behalf of the County in the Kettering Municipal Court, and (2) the payments that Kettering has made to the County by other methods." (Emphasis sic.)

{¶ 14} The Montgomery County respondents filed a cross-claim for a writ of mandamus to compel the clerk to pay them "the court costs for the alleged 'unsuccessful' state law prosecutions that the Clerk has deducted, since February of 2002, from state law violation fine money owed to the County Respondents and the Relator, the Dayton Law Library Association." They also requested a writ of prohibition to prevent the clerk from continuing the contested practice.

{¶ 15} On August 15, 2005, the court of appeals granted the requests by the Dayton Law Library Association and the Montgomery County respondents for a writ of mandamus directing the Kettering Municipal Court Clerk to pay Montgomery County the fine money that had been withheld as an offset against unpaid costs incurred in connection with unsuccessful state-law prosecutions. *State ex rel. Dayton Law Library Assn. v. White,* 163 Ohio App.3d 118, 2005-Ohio-4520, 836 N.E.2d 1232, ¶ 31. Other issues, however, remained pending. Id. at ¶ 32.

{¶ 16} On November 7, 2005, the court of appeals determined that $471,914.86 was the clerk's fine-money obligation to Montgomery County. On December 9, 2005, the court of appeals entered final judgment in favor of the Dayton Law Library Association and the Montgomery County respondents on their mandamus claims and found that the Kettering Municipal Court Clerk owed the Montgomery County respondents—for the partial benefit of the law library association—$471,914.86 plus postjudgment interest and costs.

{¶ 17} This case is now before the court upon the clerk's appeal as of right.

{¶ 18} The Kettering Municipal Court Clerk asserts that the court of appeals erred in granting appellees' requests for writs of mandamus and denying her mandamus claim. In order to be entitled to a writ of mandamus, appellees had to establish a clear legal right to payments from the clerk of the various fines and fees collected without any deduction by the clerk for certain court costs related to the unsuccessful prosecution of state-law crimes in municipal court, a corresponding clear legal duty on the part of the clerk to make those payments, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. United Auto., Aerospace & Agricultural Implement Workers of Am. v. Ohio Bur. of Workers' Comp.,* 108 Ohio St.3d 432, 2006-Ohio-1327, 844 N.E.2d 335, ¶ 34.

{¶ 19} The clerk does not claim that the county is not entitled to various fines and costs pursuant to various statutes or that the county has an adequate legal remedy that would preclude extraordinary relief in mandamus. Instead, the clerk asserts that she is entitled to deduct from the fees and costs due the county the costs associated with the unsuccessful prosecution of state-law crimes in municipal court. The clerk contends that this authority arises from the patent and unambiguous language of R.C. 1901.26 and 1901.261. More specifically, the clerk asserts that these provisions authorize the municipal court to assess complaint fees and fees to support the court-computerization fund, the clerk-computerization fund, and the special-projects fund to the county in unsuccessful prosecutions of state-law charges in municipal court.

{¶ 20} R.C. 1901.26 provides:

{¶ 21} "(A) * * * [C]osts in a municipal court shall be fixed and taxed as follows:

{¶ 22} "(1)(a) The municipal court * * * by rule, shall establish a schedule of fees and costs to be taxed in any civil or criminal action or proceeding.

{¶ 23} " * * *

{¶ 24} "(B)(1) The municipal court may determine that, for the efficient operation of the court, additional funds are necessary to acquire and pay for special projects of the court including, but not limited to, the acquisition of additional facilities or the rehabilitation of existing facilities, the acquisition of equipment, the hiring and training of staff, community service programs, mediation or dispute resolution services, the employment of magistrates, the training and education of judges, acting judges, and magistrates, and other related services. Upon that determination, the court by rule may charge a fee, in addition to all other court costs, on the filing of each criminal cause, civil action or proceeding, or judgment by confession."

{¶ 25} R.C. 1901.261 provides:

{¶ 26} "(A)(1) A municipal court may determine that for the efficient operation of the court additional funds are required to computerize the court, to make available computerized legal research services, or to do both. Upon making a determination that additional funds are required for either or both of those purposes, the court shall include in its schedule of fees and costs under section 1901.26 of the Revised Code one additional fee not to exceed three dollars on the filing of each cause of action or appeal * * * and shall direct the clerk of the court to charge the fee."

{¶ 27} " * * *

{¶ 28} "(B)(1) A municipal court may determine that, for the efficient operation of the court, additional funds are required to computerize the office of the clerk of

the court and, upon that determination, may include in its schedule of fees and costs under section 1901.26 of the Revised Code an additional fee not to exceed ten dollars on the filing of each cause of action or appeal * * *."

{¶ 29} Our paramount concern is legislative intent in interpreting R.C. 1901.26 and 1901.261. *State ex rel. United States Steel Corp. v. Zaleski*, 98 Ohio St.3d 395, 2003-Ohio-1630, 786 N.E.2d 39, ¶ 12. To determine this intent, we read words and phrases in context according to the rules of grammar and common usage. R.C. 1.42. If, as the municipal court clerk contends, these provisions patently and unambiguously require the county to pay the specified court costs for unsuccessful state-law prosecutions in municipal court, we must apply the statutes as written instead of resorting to further interpretation. See, e.g., *State ex rel. Canales–Flores v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 129, 2005-Ohio-5642, 841 N.E.2d 757, ¶ 28, quoting *BedRoc Ltd., LLC v. United States* (2004), 541 U.S. 176, 183, 124 S.Ct. 1587, 158 L.Ed.2d 338 (" 'our inquiry begins with the statutory text, and ends there as well if the text is unambiguous' ").

{¶ 30} For the following reasons, however, R.C. 1901.26 and 1901.261 do not unambiguously require the county to pay these costs in unsuccessful state-law prosecutions.

{¶ 31} First, although R.C. 1901.26(B)(1) generally authorizes court costs for special-projects funds and R.C. 1901.261(A)(1) and (B)(1) authorize court costs for court-computerization and clerk-computerization funds, there is no specific authorization in either statute for the municipal court's complaint fee in criminal cases.

{¶ 32} Second, R.C. 1901.26 and 1901.261 do not specify that these costs are to be paid *by the county*.

{¶ 33} Third, when the General Assembly has chosen to charge the county with municipal court costs, it has done so with specific language. See R.C. 1901.25 ("The fees of jurors in any criminal case [in municipal court] involving the violation of state law shall be paid out of the county treasury"); R.C. 1901.26(A)(4) ("In any civil or criminal action or proceeding, witnesses' fees shall be fixed in accordance with sections 2335.06 and 2335.08 of the Revised Code"); R.C. 2335.08 ("When certified to the county auditor by the clerk of the court, such fees shall be paid from the county treasury, and except as to the grand jury, taxed in the bill of costs"); R.C. 2335.12 ("In all state cases, any wholly salaried minor court officer, charged with the execution of a warrant to arrest or order of commitment, shall receive from the county treasury the actual necessary expense of executing such writs * * * ").

{¶ 34} Consequently, further interpretation is appropriate. To be sure, the municipal court appears authorized to charge costs to the losing party. See R.C. 1901.26(A)(7) ("The municipal court, as it determines, may refund all deposits and

advance payments of fees and costs, including those for jurors and summoning jurors, when they have been paid by the losing party"). In unsuccessful state-law prosecutions in municipal court, however, the losing party is technically the state and not the county.

{¶ 35} Moreover, as the court of appeals cogently observed in rejecting the clerk's claims:

{¶ 36} "Ordinarily, we might be inclined to treat Montgomery County like any other litigant and, therefore, to presume that it is responsible for paying any costs or fees that the Kettering Municipal Court generally is authorized to assess under R.C. 1901.26 or 1901.261. After reviewing the full statutory scheme governing the relationship between Montgomery County and the Kettering Municipal Court, however, we are persuaded otherwise. * * * [T]he Revised Code provides for the city of Kettering to prosecute certain violations of state law in the Kettering Municipal Court. See, e.g., R.C. 1901.34. In turn, the Revised Code requires Montgomery County to bear certain financial responsibilities in connection with state-law prosecutions brought in the Kettering Municipal Court. These responsibilities include paying part of the salary and health-insurance costs for various municipal-court employees. See, e.g., R.C. 1901.11(C), 1901.111, 1901.32(A)(1) and 1901.31(C)(3). With some exceptions, the Revised Code also requires the Kettering Municipal Court Clerk to pay certain fine and forfeited bond money to Montgomery County and allows the City of Kettering to retain certain costs and fees collected in state-law criminal prosecutions. See, e.g., R.C. 1901.31(F), 4301.57, 4513.35, and 5503.04. Finally, with regard to the payment of costs and fees imposed in connection with state-law prosecutions brought in Kettering Municipal Court, the Revised Code expressly obligates Montgomery County to pay *some* such expenses. * * * R.C. 1901.25, 1901.26(A)(4), and 2335.08 obligate a county to pay the fees of jurors and witnesses in municipal court cases involving violations of state law. In addition, R.C. 2335.12 obligates a county to pay for service of writs in such cases.

{¶ 37} "The foregoing provisions reveal that the General Assembly has carefully considered and structured the terms of the relationship between Montgomery County and the Kettering Municipal Court with regard to the prosecution of state-law offenses by the City of Kettering. Given the specificity with which the General Assembly has acted in this area, we are disinclined to infer a legislative intent to subject Montgomery County to the fees for which the Kettering Municipal Court Clerk seeks compensation." (Footnote omitted and emphasis sic.) *Dayton Law Library Assn.,* 163 Ohio App.3d 118, 2005-Ohio-4520, 836 N.E.2d 1232, at ¶ 20–21.

{¶ 38} The clerk relies on the R.C. 1901.31(F) requirement that municipal court clerks pay "all fines collected for the violation of state laws into the county

treasury" to support her contention that these cases are prosecuted on behalf of and for the benefit of the county and thus the county is the real losing party in unsuccessful state-law prosecutions. But the clerk ignores other pertinent provisions that designate the municipality, and not the county, as the recipient of court costs and fees, including the fees that the clerk seeks to charge the county in this case. See R.C. 1901.31(F) ("Except in a county-operated municipal court, the clerk shall pay all costs and fees the disbursement of which is not otherwise provided for in the Revised Code into the city treasury"); R.C. 1901.26(B)(1) ("All moneys collected under division (B) of this section shall be paid * * * to the city treasurer if the court is not a county-operated municipal court for deposit into either a general special projects fund or a fund established for a specific special project"); R.C. 1901.261(A)(2) ("All fees collected under this section shall be paid * * * to the city treasurer if the court is not a county-operated municipal court"); R.C. 1901.261(B)(1) ("all moneys collected under division (B)(1) of this section shall be paid * * * to the city treasurer if the court is not a county-operated municipal court"). Therefore, the municipal court is a greater beneficiary of these costs than is the county.

{¶ 39} For the foregoing reasons, the court of appeals correctly held that the clerk could not offset the municipal court's payments due the county with the specified costs incurred in connection with unsuccessful state-law prosecutions in municipal court. A contrary holding would result in the court's adding language to R.C. 1901.26 and 1901.261. This we cannot do. See *State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 29. If the General Assembly had intended the result advocated by the municipal court clerk, it would have so provided, as it has in other court provisions making the county liable for other costs. Cf. R.C. 1901.25, 1901.26(A)(4), 2335.08, and 2335.12. Appellees were thus entitled to the requested extraordinary relief in mandamus. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

O'DONNELL, J., concurs in judgment only.

---

Cooper & Gentile, Janet K. Cooper, and Diane L. Gentile, for appellee Dayton Law Library Association.

Calfee, Halter & Griswold, L.L.P., Marck I. Wallach, and Matthew M. Mendoza; Kettering Law Department, David L. Eubank, and Theodore A. Hamer III, for appellant.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Victoria E. Watson, Assistant Prosecuting Attorney, for appellees Montgomery County Board of Commissioners and Montgomery County Treasurer.