THE STATE EX REL. BOCCUZZI ET AL., APPELLANTS, *v.* CUYAHOGA
COUNTY BOARD OF COMMISSIONERS ET AL., APPELLEES.

[Cite as *State ex rel. Boccuzzi v. Cuyahoga Cty. Bd.
of Commrs.,* 112 Ohio St.3d 438, 2007-Ohio-323.]

(No. 2006–1038—Submitted January 10, 2007—Decided February 7, 2007.)

Per Curiam.

{¶ 1} This is an appeal from a judgment dismissing an amended complaint for a writ of mandamus to compel county commissioners to award the sanitary-sewer portion of a joint construction project between the county and a city separately from the rest of the project and to refund the amount paid by the city in excess of the amount it would have paid if the sanitary-sewer project had been awarded separately. Because the county commissioners had no legal duty to separately award the sanitary-sewer portion of the project, we affirm.

Joint Construction Project: Bidding and Award

{¶ 2} In 1980, Cuyahoga County and the city of Parma entered into an agreement to improve Pleasant Valley Road from York Road to State Road. In 1989, the Parma City Council adopted Resolution No. 395–89, which requested that the Cuyahoga County Engineer include the installation of sanitary sewers in the joint construction project. In the resolution, the city agreed to assume a share of the cost of the sanitary sewers. In 2003, the Parma City Council passed Resolution No. 307–03, which assessed the cost of constructing sanitary sewers on the property bounding and abutting the improvement.

{¶ 3} Appellees Cuyahoga County Commissioners requested bids for the entire construction project, which included the sanitary-sewer improvement requested by Parma. The low bidder was Blaze Construction, Inc., which bid a total of $14,884,892.80, including $1,944,909 for the sanitary-sewer portion of the project. The next lowest bidder was Fabrizi Trucking & Paving Co., Inc., which bid $14,917,044.50, including $1,346,527.50 for the sanitary-sewer improvement. On January 20, 2004, the county awarded the contract for the entire construction project to Blaze. Blaze subcontracted the sanitary-sewer work to Fabrizi and

reduced its charge for that portion of the project by $147,000. Parma later agreed to contribute an additional $250,000 towards the cost of the sanitary-sewer improvement, thereby reducing the assessment on the lands abutting the improvement.

{¶ 4} In May 2004, the county and the city amended their project agreement to provide that Parma's portion of the sanitary-sewer improvement costs would be that amount in excess of $1 million. The city acknowledged in the supplemental agreement with the county that Blaze had been awarded the construction contract. The city thereafter approved the supplemental agreement.

## Taxpayer Demands

{¶ 5} Appellant Pleasant Valley Property Owners Association is an unincorporated association of property owners and taxpayers who own property located on West Pleasant Valley Road in Parma. Appellants Dominic and Angela Boccuzzi and James and Carolyn Fraetig are members of the association. Appellants own land that bounds, abuts, and is specially benefited by the sanitary-sewer improvement project.

{¶ 6} Appellants made a taxpayer demand on the Parma Law Director to bring an action to compel the performance of duties enjoined by law under the contract regarding the award and bidding process. Appellants claimed that the sanitary-sewer portion of the construction contract should have been awarded separately from the rest of the contract. Appellants made an identical taxpayer demand on the Cuyahoga County Prosecuting Attorney. Appellants' demands were either rejected or ignored.

## Mandamus Case

{¶ 7} On April 29, 2005, appellants filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus against appellees, Cuyahoga County Commissioners, the county treasurer, and the director of the county office of budget and management. Appellants subsequently filed an amended complaint, to which appellees filed a motion to dismiss for failure to state a claim upon which relief in mandamus could be granted.

{¶ 8} Instead of filing a timely memorandum in response to the motion to dismiss, appellants filed a second amended complaint. In their second amended complaint, as in their previous complaints, appellants requested a writ of mandamus (1) to compel the county commissioners to award the project to Blaze as the general overall contractor in the amount of $14,844,892.80 and to Fabrizi as the contractor of the sanitary-sewer improvement in the amount of $1,346,527.50, (2) to compel appellees to charge Parma an estimated cost of $199,527.50 for the

sanitary-sewer improvement, and (3) to compel appellees to refund to Parma any amounts paid for the sanitary-sewer improvement in excess of the estimated cost of $199,527.50. Appellants alleged that the county commissioners "abused [their] discretion, acted in bad faith, acted in conflict of interest and self dealing, acted arbitrarily, and acted capriciously in awarding the bid for the Project and Sanitary Sewer Improvement solely to Blaze Construction, Inc."

{¶ 9} More specifically, appellants claimed that the commissioners had a duty to award the sanitary-sewer portion of the project separately to the lowest bidder, Fabrizi, pursuant to R.C. 307.90 and 153.61, which govern the joint-construction agreements between the county and the city. The court of appeals subsequently ordered appellants to file a brief in opposition to appellees' motion to dismiss, but appellants did not file any brief.

{¶ 10} On April 11, 2006, the court of appeals granted appellees' motion and dismissed appellants' second amended mandamus complaint.

{¶ 11} This cause is now before the court upon appellants' appeal as of right.

### Mandamus: Separate Awards of Construction Contract

{¶ 12} Appellants assert that the court of appeals erred in dismissing their second amended complaint for a writ of mandamus. "Under Civ.R. 12(B)(6), dismissal for failure to state a claim upon which relief can be granted is proper if, after all material factual allegations of the complaint are presumed true and all reasonable inferences are made in appellants' favor, it appears beyond doubt that they could prove no set of facts warranting the requested extraordinary relief in mandamus." *State ex rel. MetroHealth Med. Ctr. v. Sutula*, 110 Ohio St.3d 201, 2006-Ohio-4249, 852 N.E.2d 722, ¶ 7.

{¶ 13} In order to be entitled to the requested writ of mandamus, appellants had to establish a clear legal right to a separate award of the contract for the sanitary-sewer improvement, a corresponding clear legal duty on the part of the county commissioners to make the separate award, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Dayton Law Library Assn. v. White*, 110 Ohio St.3d 335, 2006-Ohio-4573, 853 N.E.2d 651, ¶ 18.

{¶ 14} Appellants claim that they are entitled to the writ based upon R.C. 307.90 and 153.61. Under R.C. 307.90(A), with respect to boards of county commissioners, the "award of all contracts subject to sections 307.86 to 307.92 of the Revised Code shall be made to the lowest and best bidder." Pursuant to R.C. 153.61, "[a]ny county or counties and any municipal corporation or municipal corporations may enter into an agreement providing for the joint construction, acquisition, or improvement of any public work, public building, or other permanent improvement benefiting the parties thereto and providing for the joint management, occupancy, maintenance, and repair thereof."

{¶ 15} In construing a comparable competitive-bidding statute for municipalities, we observed:

{¶ 16} "Generally, courts in this state should be reluctant to substitute their judgment for that of [public] officials in determining which party is the 'lowest and best bidder.' 'The rule is generally accepted that, in the absence of evidence to the contrary, public officers, administrative officers and public boards, within the limits of the jurisdiction conferred by law, will be presumed to have properly performed their duties and not to have acted illegally but regularly and in a lawful manner. All legal intendments are in favor of the administrative action.' " *Cedar Bay Constr., Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 21, 552 N.E.2d 202, quoting *State ex rel. Shafer v. Ohio Turnpike Comm.* (1953), 159 Ohio St. 581, 590, 50 O.O. 465, 113 N.E.2d 14.

{¶ 17} There is nothing in either R.C. 307.90 or 153.61 that requires a county or a city to separately bid different portions of a construction project. Nor is there anything in the agreements between Cuyahoga County and Parma imposing such a duty. In fact, the city specifically requested that the sanitary-sewer improvement be included in the joint project—for the express benefit of the abutting landowners like appellants—and the city approved the county's award of the entire construction project to Blaze.

{¶ 18} "In mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the legislative branch of government, and courts are not authorized to create the legal duty enforceable in mandamus." *State ex rel. Lecklider v. School Emp. Retirement Sys.*, 104 Ohio St.3d 271, 2004-Ohio-6586, 819 N.E.2d 289, ¶ 23; *State ex rel. Union Cty. Veterans Serv. Comm. v. Parrott*, 108 Ohio St.3d 302, 2006-Ohio-92, 843 N.E.2d 750, ¶ 9. Again, appellants cite no applicable statutory provision here that would justify their requested relief of a separate award of the sanitary-sewer improvement portion of the project.

{¶ 19} Appellants' additional conclusory allegations of abuse of discretion, bad faith, conflict of interest, self-interest, and self-dealing by the commissioners were also insufficient to withstand dismissal. Loc.App.R. 45(B)(1)(a) of the Eighth District Court of Appeals requires that in original actions in the court of appeals, "[a]ll complaints must contain the specific statements of fact upon which the claim of illegality is based and must be supported by an affidavit from the plaintiff or relator specifying the details of the claim. Absent such detail and attachments, the complaint is subject to dismissal." This local rule is comparable to S.Ct. Prac.R. X(4)(B), which "requires the pleading of specific facts in mandamus actions in this court rather than unsupported conclusions." *State ex rel. Taxpayers Coalition v. Lakewood* (1999), 86 Ohio St.3d 385, 390, 715 N.E.2d 179; see, also, *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio

St.3d 106, 109, 647 N.E.2d 799 (court rule of practice requires specific-fact pleading in all original actions except habeas corpus). In fact, despite appellants' claim that the county took advantage of the city in its award of the bid for the joint project to Blaze, it is uncontroverted that the city approved that award.

{¶ 20} Finally, appellants' reliance on a newspaper article to support their conclusory allegations that Blaze had a "reputation * * * for inside deals, shoddy work and excessive and questionable job change orders" was properly rejected by the court of appeals. Cf. *State ex rel. Miller v. Cuyahoga Cty. Bd. of Elections,* 103 Ohio St.3d 477, 2004-Ohio-5532, 817 N.E.2d 1, ¶ 15, and cases cited therein (newspaper article did not constitute appropriate evidence). In addition, even if these conclusory allegations were credited, they would support a finding that no part of the contract should have been awarded to Blaze and not, as appellants request, that all of the contract except for the sanitary-sewer portion of the contract should have been awarded to Blaze.

## Conclusion

{¶ 21} Based on the foregoing, the court of appeals properly dismissed appellants' mandamus action for failure to state a claim upon which relief in mandamus could be granted. The county commissioners had no legal duty to separately award the sanitary-sewer portion of the joint construction project. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

_____

Phillips & Co., L.P.A. and Gerald W. Phillips, for appellants.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellees.