[Cite as *State v. Hicks*, 2012-Ohio-3831.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 11CA933 |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| JOSHUA HICKS | : | |
| | : | **RELEASED 08/22/12** |
| | | |
| Defendant-Appellee. | : | |

_____

APPEARANCES:

David Kelley, Adams County Prosecutor, and Ken Armstrong, Adams County Assistant Prosecutor, West Union, Ohio, for appellant.

Bruce S. Wallace, Kelly and Wallace Co. LPA, Mt. Orab, Ohio, for appellee.
_____

Harsha, J.

{¶1}    The State of Ohio appeals the trial court's decision to dismiss the indictment charging Joshua Hicks with aggravated vehicular assault under R.C. 2903.08(A)(1)(a).  Based upon the same incident, the State previously convicted Hicks of operating a vehicle under the influence of alcohol and/or a drug of abuse ("OVI"), in violation of R.C. 4511.19(A).  Because a violation of R.C. 4511.19(A) is a required element for an aggravated vehicular assault conviction under R.C. 2903.08(A)(1)(a), the trial court dismissed the charge in this case on double jeopardy grounds.

{¶2}    The State contends that Hicks waived his double jeopardy argument under Crim.R. 12 because he failed to raise it before trial began.  However, the State advised the court the rule did not require that Hicks raise the issue pretrial.  Therefore, the State invited any resultant error.

{¶3}   Next, the State argues that the court erred in dismissing the indictment on double jeopardy grounds.  The State acknowledges that Hicks was convicted of OVI under R.C. 4511.19(A)(1)(a) and concedes that it could not use a violation of that subsection as a predicate offense for the charge here.  However, the State claims that it is entitled to prove Hicks violated a different portion of the OVI statute and use that violation as the predicate offense in this case.  The State argues this approach would not violate the Double Jeopardy Clause.  However, at trial the State failed to make this or any other argument against the merits of Hicks' double jeopardy claim.  We will not address the State's argument for the first time on appeal.

{¶4}   The State also contends that the trial court erroneously denied its motion to amend the indictment to charge Hicks with vehicular assault under R.C. 2903.08(A)(2)(b).  However, such an amendment would have changed the name and identity of the charged offense in violation of Crim.R. 7(D).  Therefore, the trial court properly denied the motion.

{¶5}   Finally, the State complains that after the trial court dismissed the indictment, the court ordered the State to pay court costs.  The State generally argues that the court lacked authority to make this order.  However, by initiating the prosecution against Hicks, the State became liable by implied contract for the payment of court costs taxed as part of the court's judgment.  The State also argues that a court cannot assess a cost to the State that is "specifically provided for by statute and payable from the county treasury."  However, the State cites no statute that applies to the specific court costs at issue in this case, nor are we aware of such a statute.  Accordingly, we affirm the trial court's judgment.

I. Facts

**{¶6}** In May 2011, the Adams County Grand Jury indicted Hicks on one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a). Hicks waived his right to a jury trial, and the matter proceeded to a bench trial. After the State's first witness testified, Hicks moved to dismiss the indictment on double jeopardy grounds. He argued that on March 21, 2011, he was convicted of an OVI offense, in violation of R.C. 4511.19(A), stemming from the same incident at issue in this case. He claimed that because a violation of R.C. 4511.19(A) is one of the elements required for a conviction under R.C. 2903.08(A)(1)(a), the crimes constituted the same offense for purposes of double jeopardy. Therefore, Hicks argued that his prosecution in this case was barred. The State made an oral motion to amend the indictment to allege a violation of R.C. 2903.08(A)(2)(b), but the court denied it. Subsequently, the court granted Hicks' motion to dismiss the indictment, and this appeal followed.

II. Assignments of Error

**{¶7}** The State assigns the following errors for our review:

I.    THE COURT ERRED IN DISMISSING THE CHARGE
      CONTAINED IN THE INDICTMENT ON THE GROUNDS OF
      DOUBLE JEOPARDY.

II.   THE COURT ERRED IN DISMISSING THE CHARGE
      CONTAINED IN THE INDICTMENT AS THE QUESTION OF
      DOUBLE JEOPARDY SHOULD HAVE BEEN RAISED IN A PRE-
      TRIAL MOTION.

III.  THE COURT ERRED IN DENYING THE STATE OF OHIO'S
      MOTION TO AMEND THE INDICTMENT UNDER CRIMINAL
      RULE 7.

IV.   THE COURT ERRED IN TAXING THE COURT COSTS OF THIS
      ACTION TO THE STATE OF OHIO.

III.  Timeliness of Motion to Dismiss on Double Jeopardy Grounds

**{¶8}**    In its second assignment of error, the State contends that the trial court erred in granting Hicks' motion to dismiss because under Crim.R. 12, he waived the right to challenge the indictment on double jeopardy grounds.  Crim.R. 12 provides:

> (C) Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue.  The following must be raised before trial:
>
> (1) Defenses and objections based on defects in the institution of the prosecution[.]
>
> * * *
>
> (H) Failure by the defendant to raise defenses or objections or to make requests that must be made prior to trial, at the time set by the court pursuant to division (D) of this rule, or prior to any extension of time made by the court, shall constitute waiver of the defenses or objections, but the court for good cause shown may grant relief from the waiver.
>
> * * *

**{¶9}**    The State argues that a double jeopardy argument constitutes a defense or objection based on a defect in the institution of the prosecution and must be raised before trial under Crim.R. 12(C)(1).  Hicks waited to make his motion to dismiss until after the trial began, i.e., after jeopardy had attached.  Therefore, the State claims Hicks waived any double jeopardy argument as a matter of law.

**{¶10}**  Contrary to the State's contention, it did not raise this argument at the trial level.  In fact, the State repeatedly told the court that Crim.R. 12 did not require that Hicks make his double jeopardy argument before trial.  The following exchange occurred at trial:

> THE STATE: * * * [I]t would seem to the prosecution that [the double jeopardy] matter could have been disposed of with a pretrial motion under Criminal Rule 12.  It could have been made and decided without regard to

the timing here today.

THE COURT:        Could have or must have?

THE STATE: Could have.

THE COURT:        Okay.

THE STATE: I'm not going to go so far as must have but I think it could have been.

THE COURT:        Okay.

THE STATE: I don't think it actually fits the list of things that must be decided [beforehand] but the fact that the conviction was in February, the indictment not until May, at any point in time after Mr. Hicks was indicted this matter could have been brought to the Court and been decided as to whether or not what he was indicted for was barred by double jeopardy.

* * *

THE COURT:        The commentary on Criminal Rule 12, was that just commentary or do you think that there is a basis that the --- because the defense did not bring it up at a final pretrial that they are precluded at this time from bringing it up or do you think it's an option of the defendant through his counsel at the time, in this case I think as [defense counsel] has tried to emphasize and I believe he has successfully emphasized that he was cautious on how far to let this go.  * * * Do you feel is Criminal 12 just commentary or is it, is there a substantive matter that you think the Court can rule on that would preclude the defendant from bringing the motion for dismissal based upon double jeopardy under 12, Criminal 12?

THE STATE: If I understand the question correctly I don't think under Criminal Rule 12 that it was required or mandatory that the motion be dealt with [beforehand].  I think that the rule states that any matters that can be decided prior to trial may be brought to the Court by motion and that this is one of those things that could have been dealt with because the prior conviction already existed.  I don't know that it's mandatory but I think the jeopardy in this case it could have attached, that could have been determined at any point in time prior to this motion * * *, any time after the indictment because of the prior conviction.  * * * I think that the timing of the motion was optional, I don't think there's a mandatory motion that had to be filed [beforehand] but I think you could have * * *.

{¶11} "Under the invited-error doctrine, a party will not be permitted to take

advantage of an error that he himself invited or induced the trial court to make." *State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 471, 629 N.E.2d 198 (1998) (per curiam). Here, the State repeatedly told the court Crim.R. 12 did not require that Hicks make his double jeopardy argument before trial. Because the State invited any error in the trial court's decision to consider the merits of Hicks' double jeopardy argument, we overrule the second assignment of error.

IV. Merits of the Double Jeopardy Argument

{¶12} In its first assignment of error, the State contends the trial court erred in dismissing the indictment because the State could have prosecuted Hicks without violating his right to be free from double jeopardy. "The Double Jeopardy Clause of the United States Constitution prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 10. These double-jeopardy protections apply to the states through the Fourteenth Amendment. *State v. Tolbert*, 60 Ohio St.3d 89, 90, 573 N.E.2d 617 (1991). In addition, Section 10, Article I of the Ohio Constitution provides: "No person shall be twice put in jeopardy for the same offense."

{¶13} The indictment in this case charged Hicks with one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), which provides:

> (A) No person, while operating or participating in the operation of a motor vehicle, * * * shall cause serious physical harm to another person * * * in any of the following ways:

> (1)(a) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance[.]

**{¶14}**  The State admits that Hicks was previously convicted of OVI under R.C. 4511.19(A)(1)(a), which prohibits the operation of a vehicle "under the influence of alcohol, a drug of abuse, or a combination of them."  The State also concedes that it could not prosecute Hicks for aggravated vehicular assault in this case, premised on his violation of R.C. 4511.19(A)(1)(a), without running afoul of the Double Jeopardy Clause. However, the State argues that the trial court should have given it an opportunity to prove Hicks committed aggravated vehicular assault premised on his violation of a different subsection of the OVI statute, such as R.C. 4511.19(A)(1)(e), which prohibits the operation of a vehicle with "a concentration of eleven-hundredths of one gram or more but less than two hundred thirty-eight-thousandths of one gram by weight of alcohol per one hundred milliliters of the person's urine."  According to the State, this approach does not violate the Double Jeopardy Clause.

**{¶15}**  However, the State failed to make this or any other legal argument against the merits of Hicks' double jeopardy claim at the trial level.  Instead, the State simply moved to amend the indictment to charge Hicks with vehicular assault, implying the State agreed with Hicks' position that his prosecution in this case violated the Double Jeopardy Clause.  We will not address an argument the State raises for the first time on appeal.  *State v. Standen*, 173 Ohio App.3d 324, 2007-Ohio-5477, 878 N.E.2d 657, ¶ 16.  Accordingly, we overrule the first assignment of error.

V.  Denial of the State's Motion to Amend the Indictment

**{¶16}**  In its third assignment of error, the State contends that the trial court erred when it denied the State's motion to amend the indictment because the amendment would not have changed the name or identity of the crime charged.  Section 10, Article I

of the Ohio Constitution provides that "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury[.]" "This requirement affords the accused adequate notice and an opportunity to defend, and it also enables the accused to protect himself from any future prosecutions for the same offense." *State v. Smith*, 4th Dist. No. 09CA29, 2010-Ohio-4507, ¶ 76, citing *State v. Sellards*, 17 Ohio St.3d 169, 170, 478 N.E.2d 781 (1985). "As a result, the government must aver all material facts constituting the essential elements of the offense." *Id.*, citing *Sellards* at 170.

{¶17} However, Crim.R. 7(D) provides:

> The court may at any time before, during, or after a trial amend the indictment * * * in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. * * *

" 'Whether an amendment changes the name or identity of the crime charged is a matter of law.' " *State v. Kittle*, 4th Dist. No. 04CA41, 2005-Ohio-3198, ¶ 12, quoting *State v. Cooper*, 4th Dist. No. 97CA2326, 1998 WL 340700, *1 (June 25, 1998). Therefore, we review this assignment of error de novo. *Id.*

{¶18} Here, the indictment alleges that:

> On or about December 9, 2010 in Adams County, Ohio JOSHUA HICKS **did while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, to wit: 2000 GMC Sierra, cause serious physical harm to Jerry Clark as a proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance. Said act in violation of Title 29 Ohio Revised Code 2903.08(A)(1)(a) and against the peace and dignity of the State of Ohio.** (Emphasis sic.)

The indictment identifies the charged crime as "**Aggravated Vehicular Assault**," a "**F-3**," i.e. a third degree felony. (Emphasis sic.)

**{¶19}** The State claims it asked the court to amend the indictment to a charge for "aggravated vehicular assault," in violation R.C. 2903.08(A)(2)(b).  The State argues that this amendment would not have changed the name or identity of the crime charged.  Contrary to the State's contention, a violation of R.C. 2903.08(A)(2)(b) constitutes vehicular assault, not aggravated vehicular assault.  *See* R.C. 2903.08(C)(1).  Therefore, the proposed amendment would have changed the name of the crime charged.

**{¶20}** Moreover, the amendment would have changed the identity of the crime charged.  The amendment would have changed the degree of the offense from a third degree felony (R.C. 2903.08(B)(1)) to a fourth degree felony (R.C. 2903.08(C)(2)), and it would have changed the potential penalties.  *See* R.C. 2903.08.  Such changes alter the identity of the offense.  *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, 903 N.E.2d 609, ¶ 9.

**{¶21}** Contrary to the State's argument, the proposed amendment would not have merely added the "omitted element of 'recklessness'" to the indictment.  All of the information contained in the indictment refers to a charge under R.C. 2903.08(A)(1)(a) – the "to wit" language, the name of the offense given, and the degree of the offense listed.  The amendment would have altered all of this information.

**{¶22}** Moreover, R.C. 2903.08(A)(1)(a) and (A)(2)(b) each require proof of a different element the other subsection does not require.  R.C. 2903.08(A)(1)(a) requires proof that the defendant caused serious physical harm to another as a proximate result of violating the OVI statute.  R.C. 2903.08(A)(2)(b) requires proof that the defendant caused serious physical harm to another as a result of reckless conduct.  Therefore, the

amendment also would have changed the identity of the charged offense because the alleged offense and proposed offense "contain different elements requiring independent proof."   *State v. Fairbanks*, 172 Ohio App.3d 766, 2007-Ohio-4117, 876 N.E.2d 1293, ¶ 19 (12th Dist.).   *See State v. Murray*, 5th Dist. No. 01 CA 00108, 2002 WL 925264, *2 (May 3, 2002); *In re C.A.*, 8th Dist. No. 93525, 2010-Ohio-3508, ¶ 15.  *See generally State v. Hohenberger*, 189 Ohio App.3d 346, 2010-Ohio-4053, 938 N.E.2d 419, ¶ 46 (6th Dist.) (holding that R.C. 2903.08(A)(2)(b) is not a lesser included offense of R.C. 2903.08(A)(1)(a)).

{¶23}  Because the proposed amendment would have altered the name and identity of the charged offense in violation of Crim.R. 7(D), the trial court correctly denied the State's motion to amend the indictment.  Accordingly, we overrule the third assignment of error.

### VI. Order Directing the State to Pay Court Costs

{¶24}  In its fourth assignment of error, the State complains that the trial court ordered it to pay court costs after dismissing the indictment.  The State generally argues that the trial court lacked any authority to make this order.  However, " '[t]he duty to pay court costs is a civil obligation arising from an implied contract.' "  *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 20, quoting *Strattman v. Studt*, 20 Ohio St.2d 95, 253 N.E.2d 749 (1969), paragraph six of the syllabus.  "That court costs are a civil obligation is true in both criminal and civil cases:  'By being involved in court proceedings, any litigant, by implied contract, becomes liable for the payment of court costs if taxed as a part of the court's judgment.' "  *Id.*, quoting *Strattman* at 103.  Therefore, we see no reason why as a general matter, the trial court could not order the

State to pay court costs of its failed prosecution.

{¶25} The State makes a more specific argument that a trial court cannot asses a cost to the State that is "specifically provided for by statute and payable from the county treasury." (Appellant's Br. 14). However, after making this declaration the State fails to cite any statute that requires the Adams County treasury to pay court costs in this case, and we are unaware of such a statute. Instead, the State directs our attention to two cases from other appellate districts, which as we explain below, do not support the State's argument.

{¶26} The State cites the Fifth District's decision in *State v. Songer*, 5th Dist. No. 03COA051, 2004-Ohio-1281. In *Songer*, the trial court declared a mistrial and ordered the State to post a bond to apply to the juror fees and indigent counsel fees on retrial. When the State failed to post the bond, the court dismissed the indictment. The Fifth District reversed, holding that jury fees and indigent counsel fees "are specifically provided for by statute, R.C. 2947.23, R.C. 2313.33, R.C. 2313.34, R.C. 120.33, and are payable through the county treasury. R.C. 2335.37. The general assembly has set forth a plan and scheme for the collection of juror fees and indigent counsel fees. We conclude no interest of justice is served by reassigning this statutory responsibility to another arm of the executive branch of government." *Songer* at ¶ 22. However, this case does not involve juror fees or indigent counsel fees. Thus, we fail to see *Songer*'s relevance to the State's argument.

{¶27} The State also cites *State v. Christian*, 7th Dist. No. 04 JE 20, 2005-Ohio-905. In *Christian*, the Seventh District reversed the trial court's decision to assess the costs for prospective jurors against the State, based in part on *Songer*. Again, this case

does not involve juror fees.  Therefore, we also find *Christian* unpersuasive.

{¶28}  Finally, the State cites an Ohio Attorney General opinion, 2005 Ohio Atty.Gen.Ops. No. 14, for the proposition that "court costs in criminal cases are paid from the county treasury."  (Appellant's Br. 14).  However, "Attorney General opinions are not binding on courts; at best, they are persuasive authority."  *State ex rel. Van Dyke v. Pub. Emps. Retirement Bd.*, 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, ¶ 40.  Moreover, the Attorney General reached his conclusion based on the fact that various statutes on particular types of courts costs specify those costs are to be paid from the county treasury.  We are not inclined to infer a legislative intent to subject county treasuries to liability for *all* court costs in failed state criminal prosecutions simply because they must pay certain costs by statute.  *See generally State ex rel. Dayton Law Library Assn. v. White*, 163 Ohio App.3d 118, 2005-Ohio-4520, 836 N.E.2d 1232 (2d Dist.), ¶ 19-21, *aff'd*, 110 Ohio St.3d 335, 2006-Ohio-4573, 853 N.E.2d 651.

{¶29}  Because a trial court can order a litigant to pay court courts based on an implied contract and the State cites no authority that precludes the court from ordering it to pay the costs of its failed prosecution in this case, we overrule the fourth assignment of error.

VII.  Summary

{¶30}  Having overruled each of the assignments of error, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Abele, P.J. & McFarland, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
        William H. Harsha, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**