OPINION
{¶ 1} On December 11, 2002, the Ashland County Grand Jury indicted appellee, Keith Songer, on one count of forgery in violation of R.C. 2913.31, one count of theft in violation of R.C. 2913.02 and one count of grand theft in violation of R.C.2913.02. A jury trial commenced on August 5, 2003. On August 6, 2003, the trial court declared a mistrial, finding Lieutenant Geoff Thomas of the Ashland Police Department and a witness, appellee's brother, Layne Songer, engaged in a conversation in the courthouse hallway.
 {¶ 2} By judgment entry filed August 29, 2003, the trial court permitted a retrial, but ordered the state to post a $2,500.00 bond to apply to the juror fees and indigent counsel fees upon retrial. Because the bond was not posted, the trial court dismissed the indictment on September 3, 2003.
 {¶ 3} Appellant, the State of Ohio, filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court abused its discretion by dismissing the indictment because the prosecuting attorney declined to post a $2500.00 bond to pay for the retrial necessitated by the court's granting the defendant's motion for mistrial."
 I {¶ 5} Appellant claims the trial court erred in dismissing the indictment. We agree.
 {¶ 6} The genesis of the dismissal was the granting of a mistrial as a result of contact between Lieutenant Thomas and Layne Songer, a named witness. In permitting a retrial, the trial court specifically found the following:
 {¶ 7} "6. Applying this analysis to the instant case, it becomes clear that no evidence is present that the State, or any of its representatives, intentionally invited or caused this mistrial. In so finding, this Court specifically notes that the unreported 1982 Johnson case cited by the Defendant, has been overruled by the more recent authority set forth hereinabove, in this Court's view.
 {¶ 8} "7. Inherent in this Court's prior decision granting the mistrial motion, is the fact that the jury was tainted with the expectation of the testimony of Layne Songer, thus creating the due process violation. When the case is retried to a new panel, whether Layne Songer actually testifies or not, the matter can be handled in such a way, that the taint will not be present." Judgment Entry filed August 29, 2003.
 {¶ 9} In the same entry, the trial court assessed expenses to the state as follows:
 {¶ 10} "The Court does take note that certain expenses of this re-trial should be assessed to the State of Ohio. This is so, because of this Court's finding that the conduct of the officer has caused the mistrial, and the resultant second trial.
 {¶ 11} "Therefore, this Court ORDERS that the State post $2,500 with the Clerk of Courts, by the end of the day on Tuesday, September 2, 2003, to apply toward the juror fees and indigent counsel fees in this matter. Failure to do so will result in the matter being dismissed for lack of proper prosecution by the State."
 {¶ 12} In its September 3, 2003 judgment entry dismissing the indictment, the trial court reiterated the following:
 {¶ 13} "1. In its August 29, 2003 Judgment Entry, in which this Court went to great lengths to give the State the opportunity to re-try this Defendant, this Court found * * * the State or its agents did not goad the Defendant into moving for the mistrial.
 {¶ 14} "2. In so finding, this Court in no way found or implied a lack of wrongdoing by an agent of the State. Indeed, this Court's prior findings clearly and equivocally found wrongdoing by Lt. Thomas, which caused this Court to grant the mistrial motion.
 {¶ 15} "6. In other words, while this Court does not necessarily find the officer's conduct to have been intentional, it was clearly wrong. That improper conduct caused a mistrial. The mistrial was the only proper ruling available to the Court. The officer, or his agency, or the prosecutor, should pay for the additional costs triggered by that wrongful conduct. Failure to do so, under these circumstances, is clearly lack of proper prosecution, and grounds for dismissal, where as here, the State has knowingly refused to obey the Court Order regarding the deposit of funds.
 {¶ 16} "10. In conclusion, this Court finds that when improper conduct of an officer has caused this Court to declare a mistrial, that it is a reasonable and necessary use of this Court's inherent power to condition a second trial upon the State, for whom the officer is a representative, paying in advance upon the cost of re-trial."
 {¶ 17} Appellee defends the dismissal as flowing from the "inherent powers" of the trial court.
 {¶ 18} Crim.R. 48(B) governs dismissals by the court and states, "If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." In addressing the breadth of Crim.R. 48(B), Justice Pfeiffer inState v. Busch, 76 Ohio St.3d 613, 615, 1996-Ohio-82, acknowledged the rule does not limit the reasons for which a trial judge might sua sponte dismiss a case, but "may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interests of justice."
 {¶ 19} The standard of review is abuse of discretion.Busch. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 20} In applying the standard of serving the "interests of justice" to the case sub judice, we fail to find any interests of justice, other than self-serving, to be present. The trial court acknowledged the mistrial was not intentionally caused by the state, and yet ordered the state to pay retrial costs in advance.
 {¶ 21} If the trial court wished to express the justice system's displeasure with Lieutenant Thomas's actions, other remedies such as a contempt action were available to the trial court. Likewise, if the trial court believed the conduct by the state's agent was intentional, the trial court could have found jeopardy had attached and dismissed the case. Neither alternative was found by the trial court to be appropriate or proper.
 {¶ 22} In its order, the trial court assessed jury fees and indigent counsel fees. Both of these fees are specifically provided for by statute, R.C. 2947.23, R.C. 2313.33, R.C.2313.34, R.C. 120.33, and are payable through the county treasury. R.C. 2335.37. The general assembly has set forth a plan and scheme for the collection of juror fees and indigent counsel fees. We conclude no interest of justice is served by reassigning this statutory responsibility to another arm of the executive branch of government.
 {¶ 23} Although we are loath to classify any thoughtful determination by any trial court as abuse of discretion, we nonetheless find the punitive assessment against the county prosecutor to be unfounded in law and against the interest of justice.
 {¶ 24} The sole assignment of error is granted.
 {¶ 25} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed and remanded.
Hoffman, P.J. and Edwards, J. concur.