OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and Appellant's brief. The Appellant State of Ohio brings this prosecutor's appeal claiming that the Jefferson County Court of Common Pleas improperly assessed the costs of prospective jurors against the State. Because the statute regarding juror fees only provides for costs to be assessed against defendants, the trial court did not have discretion to sua sponte assess costs against the prosecution. Thus, we reverse the decision of the trial court.
 Facts {¶ 2} On March 3, 2004, the grand jury returned a four count indictment against Appellee Wayne Christian. The first two counts alleged that Christian committed felonious assault against Natasha McCartney and Nicole Everhart in violation of R.C. 2903.11(B)(3). Count Three alleged that Christian committed felonious assault against Everhart in violation of R.C. 2903.11(B)(1). Finally, Count Four alleged that Christian had committed that same crime against Louann Wells. These counts, which are all second degree felonies, allege that Christian knowingly engaged in sexual intercourse with these women without disclosing the fact that he has tested positive for the A.I.D.S. virus.
 {¶ 3} Upon Christian's motion, the four counts were separated into three separate trials, one for each alleged victim. On April 29, 2004, the first trial was conducted and the jury returned a verdict of not guilty with respect to the felonious assault against Louann Wells.
 {¶ 4} The trial for counts two and three was scheduled for May 27, 2004. On that same day, the trial was continued upon the joint motion of the prosecution and the defense. The journal entry memorializing the continuance of the trial included a provision, without explanation or a hearing on the matter, that the Jefferson County Prosecutor's Office be assessed the juror costs for May 27, 2004.
 {¶ 5} On June 7, 2004, the State moved to enter a nolle prosequii with respect to Counts Two and Three of the indictment. The State based this motion upon Everhart's "eleventh hour" admission that she lied both to the prosecutor's office and the grand jury about having sexual intercourse with Christian. The State claims that it became aware of the recantation at 9:00 P.M. the night before trial when Everhart telephoned the assistant prosecutor.
 {¶ 6} The State claims it informed the trial court, prior to the impaneling of the jury, that Assistant Prosecutor Craig Allen would likely be a witness at the trial to testify regarding Everhart's prior statement. Defense counsel first objected because Allen had not been disclosed as a potential witness and then requested that the trial be continued. The State claims that it joined in defense counsel's request for a continuance which was then granted by the trial court.
 {¶ 7} After concluding that Everhart would not make for a credible witness because of her "ever changing rendition of history", the State requested that the counts involving her as a victim be nolled. The trial court set a hearing on the matter, and granted the nolle prosequi with respect to Counts Two and Three of the indictment. {¶ 8} On June 28, 2004, the State filed its notice of appeal of the trial court's May 27, 2004 entry assessing costs against the prosecution after obtaining leave from this court.
 Assessment of Jury Costs {¶ 9} As its sole assignment of error, the State claims:
 {¶ 10} "The Jefferson County Common Pleas Court did not have authority to assess the costs of prospective jurors against the office of the Jefferson County Prosecuting Attorney when trial was continued upon the joint motion of both the state of Ohio and the Defendant."
 {¶ 11} The State explains that the General Assembly has set forth a scheme for assessing and collecting juror fees in R.C. 2947.23:
 {¶ 12} "(A)(1) In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:
 {¶ 13} "(a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.
 {¶ 14} "(b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.
 {¶ 15} "(2) If a jury has been sworn at the trial of a case, the fees of the jurors shall be included in the costs, which shall be paid to the public treasury from which the jurors were paid."
 {¶ 16} The only court in Ohio that has yet to address whether this statute permits the assessment of juror fees against the State is the Fifth District. In State v. Songer (Mar. 17, 2004), 5th Dist. No. 03COA051, that court found a similar "punitive assessment" against a county prosecutor to be "unfounded in law and against the interest of justice." Id. at 3. It held that the trial court abused its discretion when it assessed jury fees and indigent counsel fees to the State upon retrial of the defendant despite its finding that there was no indication the mistrial was intentionally caused by the State. The Fifth District explained that the trial court had other available remedies and further reasoned:
 {¶ 17} "Both of these fees are specifically provided for by statute, R.C. 2947.23, R.C. 2313.33, R.C. 2313.34, R.C. 120.33, and are payable through the county treasury. R.C. 2335.37. The general assembly has set forth a plan and scheme for the collection of juror fees and indigent counsel fees. We conclude no interest of justice is served by reassigning this statutory responsibility to another arm of the executive branch of government." Id. at 3.
 {¶ 18} In the present case, the State has given some explanation in its appellate brief as to why the trial court may have imposed the "sanction" of paying the cost of prospective jurors on the State. However, these facts were not placed in the record until after the trial court filed its journal entry. And, significantly, the trial court does not provide a basis in its journal entry for assessing the costs against the State. In light of the silent record, we refuse to speculate as to the trial court's basis for imposing this sanction. Given the unambiguous statutory scheme set by the legislature for assessment of jury costs, we are persuaded by the Fifth District's holding in Songer. We likewise conclude that the interests of justice are not served by shifting the jury costs from one entity funded by the county treasury to another. The funds have the same source, only the line item it is drawn down from for departmental budgeting purposes is different. This is a distinction without a difference. Accordingly, the judgment of the trial court is reversed.
Donofrio, J., concurs.
Vukovich, J., concurs.