DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Highland County Common Pleas Court judgment of conviction and sentence. James Freeman, defendant below and appellant herein, pled no contest and was found guilty of trafficking in marijuana in violation of R.C.2925.03(A)(2). Appellant assigns the following error for review and determination:
"THE TRIAL COURT ERRED IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED THROUGH EXECUTION OF A WARRANT ISSUED IN VIOLATION [OF] RIGHTS SECURED TO THE DEFENDANT UNDER THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION. THE WARRANT WAS BASED ON AN AFFIDAVIT WHICH WHOLLY FAILED TO ESTABLISH A SUFFICIENT NEXUS BETWEEN THE SUSPECTED CRIMINAL CONDUCT AND THE PLACE TO BE SEARCHED."
 {¶ 2} On September 2, 2004, the Highland County Sheriff's Office received a tip that a "suspicious" vehicle dropped off two men at a wooded area near Stoney Point Road and Adams Road.[1] The men walked into the woods, returned to their vehicle a short time later and drove away. A Highland County airplane located nine large marijuana plants growing in the area where the men had entered the woods.
 {¶ 3} Deputies eventually stopped the vehicle and arrested the operator for driving under a license suspension. During the stop, deputies also noticed large milk jugs that indicated to them that appellant and the other man may have watered the marijuana plants. Given this information, as well as appellant's background in trafficking marijuana, Detective Daniel Croy executed an affidavit which requested a warrant to search appellant's home. The court issued a warrant and authorities found contraband in appellant's residence.
 {¶ 4} Subsequently, the Highland County Grand Jury returned an indictment charging appellant with (1) trafficking in marijuana in violation of R.C. 2925.03(A)(2); (2) drug possession in violation of R.C. 2925.11; and (3) possession of criminal tools in violation of R.C. 2923.24.
 {¶ 5} Appellant filed a motion to suppress the evidence taken during the search of his home.[2] The gist of appellant's motion is that Detective Croy's affidavit is fatally defective because the criminal activity observed was too remote from his home's location (several miles away) to establish probable cause.[3]
 {¶ 6} Appellee filed a memorandum contra and the parties agreed to submit the matter to the trial court on the "four corners" of the affidavit without adducing evidence. After due consideration, the trial court overruled the motion. The parties later reached an agreement whereby appellant plead no contest to the trafficking charge in exchange for the dismissal of the remaining charges. After the trial court informed appellant of his various constitutional rights and ensured that he freely and voluntarily entered into the agreement, the court accepted appellant's plea, found him guilty, dismissed the remaining counts and sentenced appellant to serve four years of incarceration. This appeal followed.
 {¶ 7} In his assignment of error, appellant asserts that the trial court erred by overruling his motion to suppress evidence. In particular, he argues that although law enforcement officers may have possessed probable cause to believe that he was involved in the cultivation of marijuana at a site remote from his residence, this information is insufficient to establish probable cause to search his home. We reject appellant's argument.
 {¶ 8} First, we believe that a resolution of this assignment of error necessarily turns on an analysis of Detective Croy's affidavit. We, however, have reviewed the original papers included in the case file and we do not find Croy's affidavit. No copy is attached to appellant's motion, nor was a hearing conducted during which a copy could have been introduced into evidence.
 {¶ 9} Appeals should generally be decided on the merits of the assignments of error and the "record on appeal" as defined by the appellate rules. App.R. 12(A)(1)(b). The "record on appeal" consists, inter alia, of "[t]he original papers and exhibits thereto filed in the trial court." App.R. 9(A). Again, we find no copy of Detective Croy's affidavit in the record on appeal. Because trial court proceedings enjoy a presumption of correctness, see State v. Bomar (Oct. 23, 2000), Scioto App. No. 00CA2703; State v. Wyatt (Aug. 30, 1994), Scioto App. No. 93CA2168, and appellants bear the burden to show error on appeal, see State v. Dukes (Feb. 8, 1999), Mahoning App. No. 96-CA-127; State v. Wilson (May 14, 1998), Cuyahoga App. No. 72740; Hagleyv. Lurty (Aug. 17, 1992), Ross App. No. 91CA1832, in light of the absence of Croy's affidavit in the record to establish that the trial court erred in deciding the motion, we must affirm the trial court's judgment.[4]
 {¶ 10} Our second reason for rejecting appellant's assignment of error is that if we considered Croy's affidavit (i.e. the photocopy attached to appellant's brief), we would conclude that a sufficient basis exists for a magistrate to issue a search warrant in the case sub judice. In determining the sufficiency of probable cause in an affidavit submitted in support of a request for search warrant, the issuing magistrate's task is to make a practical, common-sense decision whether, in light of the totality of the circumstances described in the affidavit including the veracity and basis of knowledge of the persons supplying information, a fair probability exists that contraband or evidence of a crime will be found in the particular place. SeeIllinois v. Gates (1983), 462 U.S. 213, 238-239,76 L.Ed.2d 527, 103 S.Ct. 2317; also see State v. George (1989),45 Ohio St.3d 325, 544 N.E.2d 640, at paragraph one of the syllabus.
 {¶ 11} Neither a trial court nor an appellate court should substitute their judgment for that of the magistrate by conducting a de novo determination whether the affidavit contains sufficient probable cause; rather, a reviewing court's duty is to simply ensure that the magistrate had a substantial basis for concluding that probable cause existed. George, supra at paragraph two of the syllabus; State v. King,157 Ohio App.3d 93, 809 N.E.2d 71, 2004-Ohio-2221, at ¶ 11; State v. Brown,
Summit App. No. 22770, 2006-Ohio-1905, at ¶ 22. Indeed, deference must be afforded to the magistrate's determination of probable cause and doubtful or marginal cases should be resolved in favor of upholding the warrant. See State v. Jordan,101 Ohio St.3d 216, 804 N.E.2d 1, 2004-Ohio-783, at ¶ 38; State v. Young,
Clermont App. No. CA2005-08-074, 2006-Ohio-1784. at ¶ 20.
 {¶ 12} Pursuant to this standard of review, we readily agree with the trial court's conclusion that Detective Croy's affidavit provided a "substantial basis" to believe that probable cause existed to issue a search warrant. Detective Croy's affidavit included (1) the events that transpired on September 2, 2004; (2) the tip the Sheriff's office received that appellant was trafficking drugs; and (3) appellant's criminal history of drug offenses. Appellant counters that his watering of marijuana plants far removed from his home does not support a finding of probable cause that drugs could be found in his home. We disagree.
 {¶ 13} To establish probable cause to search a home, the facts must be sufficient to justify a conclusion that the property that is the subject of the search is probably on the premises to be searched. State v. Vaughters (Mar. 2, 1993), Scioto App. No. 2086. The nexus between the items sought and the place to be searched depends upon all of the circumstances of each individual case, including the type of crime and the nature of the evidence. See State v. Storer (Apr. 27, 1989), Clark App. No. 2451; State v. Dooley (Jul. 22, 1983), Marion App. No. 9-82-42; State v. Hatcher (Oct. 23, 1980), Cuyahoga App. No. 42020.
 {¶ 14} Admittedly, Detective Croy's affidavit did not establish a direct nexus between the marijuana plants that appellant watered and his home several miles away. We also concede that other jurisdictions have determined that the mere presence of a defendant with marijuana at a remote site, or the proximity of marijuana to a defendant's residence, does not necessarily establish the requisite nexus to find probable cause to issue a warrant. See e.g. United States v. Carpenter (C.A.6 2003), 317 F.3d 618, 622-623, rehearing en banc United Statesv. Carpenter (C.A.6 2004), 360 F.3d 591, 594-595 (marijuana plants found growing near a residence did not establish sufficient nexus to residence to issue search warrant); Yanceyv. State (Ark. 2001), 44 S.W.2d 315, 321 (appellant observed watering marijuana plants five to six miles from his home did not give rise to probable cause to believe contraband could be found in his home); State v. Harp (Or. 1985), 697 P.2d 548, 553
(marijuana on land contiguous to defendant's land, but 3/8 of a mile away, did not establish sufficient next to issue a warrant). However, when other factors are present courts have found the requisite nexus to establish probable cause. See e.g. State v.Coffin (Me. 2003), 828 A.2d 208, 209 (marijuana plants found in "vicinity" of residence, and the existence of a beaten path from those plants to the residence, sufficient to establish probable cause); State v. Williams (Or.App. 2003), 81 P.3d 743, 749
(video surveillance showing defendant at a remote "grow site," coupled with officer's experience in what was necessary to process marijuana for sale, established nexus); State v. Weiss
(Vt. 1990), 587 A.2d 73, 75-76 (use of common household items in tending marijuana plants away from home created a link between the site and the residence sufficient for a search warrant to issue).
 {¶ 15} We believe that under the facts and circumstances present in the case sub judice, the authorities did in fact, establish a sufficient nexus. First, appellant watered the marijuana plants with a common household item (milk jugs) that one may expect to find in a home. Moreover, common sense dictates that the marijuana appellant watered must be processed into a saleable commodity somewhere, and a logical conclusion is that this activity occurred at appellant's residence.[5] We also note that three months earlier, the Sheriff's Department "received information" that appellant stored marijuana at his residence. Finally, Detective Croy's recitation of the September 2, 2004 events should not be viewed in isolation, but must be considered in context with appellant's criminal history and recent reports. Consequently, we believe that a sufficient nexus has been established between the marijuana plants and appellant's residence.
 {¶ 16} For these reasons, we find no error in the trial court's decision to overrule appellant's motion to suppress evidence. Accordingly, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J.: Dissents
McFarland, J.: Concurs in Judgment Opinion.
[1] We take our factual recitation from the parties' memoranda submitted in support, or in opposition, to appellant's motion to suppress. Because no hearing occurred during which evidence was adduced to establish what actually happened, nor did a discussion of the facts occur during the change of plea hearing, we rely on the facts set forth in the memoranda.
[2] Appellant also challenged in the trial court the propriety of the initial stop, but he does not raise that issue on appeal.
[3] Appellant stated in his motion that a copy of Detective Croy's affidavit was attached thereto as an exhibit. However, no such exhibit was attached and no copy of the affidavit appears in the record.
[4] We acknowledge that a copy of Detective Croy's affidavit is attached as an exhibit to appellant's brief. App.R. 12 precludes us, however, from considering exhibits attached to a brief that were not made a part of the trial court record. State v. Hall
(2001), 141 Ohio App.3d 561, 571, 752 N.E.2d 318, at fn. 7;State v. Jenkins (Aug. 26, 2000), Vinton App. No. 99CA536, at fn. 4; State v. Cremeans (Jun. 26, 2000), Lawrence App. No. 99CA12, at fn. 3.
[5] Our colleagues on the Twelfth District Court of Appeals confronted a similar issue in State v. O'Connor, Butler App. No. CA2001-08-195, 2002-Ohio-4122. That case involved a warrant to search a home for child pornography based on images that were found by a computer repairman when the defendant took his computer to be repaired. The Court reasoned that although the affidavit in support of a search warrant did not establish a direct nexus between the computer and the defendant's home, the magistrate could reasonably draw the inference that pornography would likely be found at the defendant's residence because he needed a place to store it and have access to it in his leisure time. Id. at ¶ 19. The O'Connor case is somewhat distinguishable from the case sub judice because the Court's analysis dealt with Crim.R. 41 and the "good faith" exception to the exclusionary rule — neither of which are involved here. Nevertheless, similar reasoning could be applied here. The Sheriff's Department discovered the marijuana tended by appellant, but found no means of processing and marketing that marijuana. Given appellant's criminal history, as well as reports that he trafficked drugs from his home, an inference could reasonably be drawn that marijuana could be found in his home.