[Cite as *State v. Pettygrove*, 2013-Ohio-1062.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellant,          :      Case No.   12CA941

    vs.                           :

TANGELA PETTYGROVE,                     :      DECISION AND JUDGMENT ENTRY


    Defendant-Appellee.           :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:    C. David Kelley, Adams County Prosecuting
                          Attorney, and Kris D. Blanton, Adams County
                          Assistant Prosecuting Attorney, 110 West
                          Main Street, Room 112, West Union, Ohio
                          45693-1389[1]
_____
CRIMINAL APPEAL FROM COUNTY COURT
DATE JOURNALIZED: 3-11-13
ABELE, J.

{¶ 1}  This is an appeal from an Adams County Court judgment that dismissed a criminal proceeding, without prejudice, against Tangela Pettygrove, defendant below and appellee herein.  The State of Ohio, plaintiff below and appellant herein, challenges the portion of the judgment that assessed court costs against the Office of the Prosecuting Attorney.  Appellant assigns the following error for review:

        "THE TRIAL COURT INCORRECTLY ORDERED THE STATE
        OF OHIO TO PAY COURT COSTS AFTER THE STATE MOVED

---

[1] Appellee did not enter an appearance in this matter.

TO DISMISS THE ACTION AGAINST THE DEFENDANT."

{¶ 2} On June 27, 2011, a criminal complaint was filed that charged appellee with driving under the influence in violation of R.C. 4511.19(A)(1).  Before the case came on for trial, appellant moved to dismiss the matter.[2]  On February 14, 2012, the trial court issued an entry that dismissed the case without prejudice.  Although the bulk of the entry was pre-printed, the trial court's handwritten notation assessed "all costs to the P.A. office."

{¶ 3} The appellant subsequently sought leave to appeal on grounds that the trial court does not have the authority to assess court costs in that manner.  We granted the motion, and the case is now before us.

{¶ 4} The appellant argues in its assignment of error that the trial court erred by ordering it to pay the court costs.  We disagree.  First, we recently addressed this issue.  In *State v. Hicks*, 4th Dist. No. 11CA933, 2012-Ohio-3831,[3] we wrote:

"In its fourth assignment of error, the State complains that the trial court ordered it to pay court costs after dismissing the indictment. The State generally argues that the trial court lacked any authority to make this order. However, " '[t]he duty to pay court costs is a civil obligation arising from an implied contract.' " State v. Joseph, 125 Ohio St.3d 76, 2010–Ohio–954, 926 N.E.2d 278, ¶ 20, quoting Strattman v. Studt, 20 Ohio St.2d 95, 253 N.E.2d 749 (1969), paragraph six of the syllabus. "That court costs are a civil obligation is true in both criminal and civil cases: 'By being

[2] It is not entirely clear from the record why the appellant requested to dismiss the case.     However, shortly before trial appellant moved to amend the criminal complaint, and we find no indication that the trial court ruled on that motion.

[3] *Hicks* was decided approximately three months after the appellant filed its brief in this matter.

involved in court proceedings, any litigant, by implied contract, becomes liable for the payment of court costs if taxed as a part of the court's judgment.' " Id., quoting Strattman at 103. *Therefore, we see no reason why as a general matter, the trial court could not order the State to pay court costs of its failed prosecution.*" (Emphasis added.) Id. at ¶24.

{¶ 5} In *Hicks*, as in the case sub judice, the State relied on *State v. Songer*, 5th Dist. No. 03COA051, 2004-Ohio-1281, (wherein the Ashland County Court of Appeals held that in view of the fact that statutory provisions exist for the payment of jury fees and indigent counsel fees by county treasuries, the court should not have assessed these particular types of fees against the State. Id. at ¶22) and *State v. Christian*, 7th Dist. No. 04JE20, 2005-Ohio-905, (for the same general proposition and involving prospective jury fees).

{¶ 6} However, in *Hicks* we rejected the application of *Songer* and *Christian* because neither indigent counsel fees nor jury fees were involved in the costs of that case. Likewise, in the case sub judice we find no indication that those matters are at issue. Thus, *Songer* and *Christian* are inapposite to the instant case.

{¶ 7} This brings us to the second reason we reject appellant's argument. Specific statutes covered the fees and costs at issue in *Songer* and *Christian*. In the case at bar, however, the appellant's brief does not cite a statute that the trial court allegedly violated by assessing costs to the Office of the Prosecutor. Trial court proceedings generally enjoy a presumption of correctness and an appellant has the burden to affirmatively demonstrate error. See

e.g., *State v. Henry*, 5th Dist. No. 2006- CA-00245, 2007-Ohio-5702, at ¶33; *State v. Freeman*, 4th Dist. No. 06CA3, 2006-Ohio-5020, at ¶9. Without citation to a pertinent statute that the State believes the trial court has violated, we are not inclined to find error or to revisit *Hicks*.

{¶ 8} Finally, the appellant also relies on 2005 Ohio Atty. Gen. Ops. No. 14, for the proposition that all court costs in criminal cases are to be paid from the county treasury. We, however, rejected that reasoning, in *Hicks*, supra, at ¶28.

{¶ 9} Thus, for all these reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellee to recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY: _____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.