[Cite as *State v. Smith*, 2023-Ohio-681.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 22CA3 |
| | | 22CA4 |
| Plaintiff-Appellee, | : | |
| | | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| Stavonte D. Smith, | : | |
| Defendant-Appellant. | : | **RELEASED 3/02/2023** |

_____

APPEARANCES:

L. Scott Petroff, Athens, Ohio, for appellant.

Jason Holdren, Gallia County Prosecuting Attorney, and Jeremy Fisher, Assistant Prosecuting Attorney, Gallipolis, Ohio, for appellee.

_____

Hess, J.

{¶1} In consolidated appeals, Stavonte D. Smith appeals judgments of conviction for aggravated possession of drugs and possession of a fentanyl-related compound entered by the Gallia County Court of Common Pleas in two criminal cases. In his sole assignment of error, Smith contends that the trial court erred when it imposed the maximum sentence for each offense. He asserts that his sentences are contrary to law because the trial court ignored sentencing factors in R.C. 2929.11 and 2929.12 and considered factors not permitted by those statutes. But the record reflects that the trial court considered the statutory factors, and Smith has not shown by clear and convincing evidence that the trial court acted contrary to law by considering any extraneous factors. Accordingly, we overrule the assignment of error and affirm the trial court's judgments.

## I. FACTS AND PROCEDURAL HISTORY

{¶2}    On September 10, 2020, Smith was indicted in Case No. 20 CR 202 on one count each of aggravated possession of drugs, aggravated trafficking in drugs, possession of a fentanyl-related compound, trafficking in a fentanyl-related compound, and tampering with evidence.  He pleaded not guilty and was released on bond.  He failed to appear at a February 1, 2021 plea change hearing conducted via Zoom, and the court ordered that a warrant be issued for failure to appear. On February 9, 2021, defense counsel filed a motion to recall the warrant asserting that the defendant contacted counsel on the hearing date "and apparently there was a miscommunication regarding Zoom." Defense counsel asked the court to schedule the matter for a plea change hearing. The trial court granted the motion to recall and scheduled a plea change hearing for February 18, 2021, to be conducted via Zoom. However, Smith again failed to appear, and the court again ordered that a warrant be issued for failure to appear.

{¶3}    Smith was arrested on November 30, 2021.  Subsequently, he was indicted in Case No. 22 CR 25 on five counts alleged to have occurred on or about the day of his arrest—possession of a fentanyl-related compound, trafficking in a fentanyl-related compound, aggravated possession of drugs, aggravated trafficking in drugs, and tampering with evidence.  Smith initially pleaded not guilty.

{¶4}    However, Smith later entered a guilty plea in Case No. 20 CR 202 to aggravated possession of drugs, a second-degree felony, and a guilty plea in Case No. 22 CR 25 to possession of a fentanyl-related compound, a second-degree felony. In exchange, the state agreed to dismiss the remaining counts, recommend concurrent sentences, and "not seek to enhance [post-release control] for the new conviction."

During the change of plea hearing, Smith told the court that he suffers from "bipolar depression and PTSD" and was taking Zoloft, an anti-depressant.

{¶5}    At the sentencing hearing, the state asked the court to impose the maximum prison sentence for each offense, defense counsel asked the court to impose the minimum prison sentence for each offense, and the parties asked the court to run the sentences concurrent.   *See* R.C. 2929.14(A)(2)(a) (if a court imposing a sentence for a felony elects or is required to impose a prison term, the term for a second-degree felony committed on or after March 22, 2019, "shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code"). Defense counsel asked the court to consider, among other things, that Smith had only one prior felony conviction for an offense which was not drug-related and that he had certificates of completion from November 2020 related to his time at Alvis House and a certificate of completion of the Recovery Choices IOP program from January 2021, which showed that he could "be successful * *  at drug treatment."  Smith and his mother also made statements to the court.

{¶6}    The trial court told the parties it had considered everything presented at the hearing, "considered the presentence investigation report," "considered the underlying agreement," "considered the record and all relevant information," and "considered" and was "guided by the purposes and principles of sentencing under 2929.11 and the seriousness and recidivism factors relevant to the offense and the offender in 2929.12(B) through (F)."  The court found that Smith was on post-release control when he committed both offenses, was out on bond in Case No. 20 CR 202 when he committed the offense

in Case No. 22 CR 25, had a history of criminal convictions with prior prison time served for a felonious assault, and that six months after his release, he committed the offense in Case No. 20 CR 202. The court also found "a pattern of substance use and a refusal or inability to remain in treatment." The court found "a prison sentence is consistent with the purposes and principles of sentencing," and stated that it was going to sentence Smith to a mandatory minimum term of 8 years and a maximum term of 12 years for each offense. The court then explained that it believed the sentences should be served consecutively but would impose concurrent sentences as the parties recommended.

{¶7}    In the sentencing entry in Case No. 20 CR 202, the trial court made the following statements and findings, which are nearly identical to those in the sentencing entry in Case No. 22 CR 25. The court stated that it had "considered the record, Defense counsel's oral statements, Defendant's oral statements, Defendant's record, Defendant's mother's statement, the certificates of completion from Alvis House showing Defendant's AOD participation, the presentence investigation report, and other relevant information." The court stated that it "also considered and is guided by the principles and purposes of sentencing under Ohio Revised Code Section 2929.11." In addition, the court "considered and is guided by the seriousness and recidivism factors under Ohio Revised Code Section 2929.12(B)-(F), and the need for deterrence, incapacitation, rehabilitation and restitution." The court stated that it found that none of the factors in R.C. 2929.12(B), (C), (E), or (F) were relevant to Smith. However, citing R.C. 2929.12(D)(1), the court found that Smith "was on Post Release Control when he committed these offenses" and "committed a new felony offense while on bond" in Case No. 20 CR 202. Citing R.C. 2929.12(D)(2), the court found that Smith had "a history of criminal convictions, having

served a prior prison term." Citing R.C. 2929.12(D)(4), the court found that Smith "exhibits a pattern of drug abuse related to the offense and a refusal to engage in treatment." And after considering "all of the above," the court found that "a prison term is consistent with the purposes and principles of sentencing" in R.C. 2929.11.

{¶8} In both cases, the trial court sentenced Smith to a mandatory minimum prison term of 8 years and a maximum term of 12 years, and the court ordered that the sentences be served concurrently. The court dismissed the remaining counts in both cases on the state's motion. In Gallia App. No. 22CA3, Smith filed a notice of appeal with respect to Case No. 22 CR 25, and in Gallia App. No. 22CA4, Smith filed a notice of appeal with respect to Case No. 20 CR 202. We sua sponte consolidated the appeals.

## II. ASSIGNMENT OF ERROR

{¶9} Smith presents one assignment of error: "The trial court erred to the prejudice of Mr. Smith by improperly imposing the maximum prison sentence."[1]

## III. LAW AND ANALYSIS

{¶10} In his sole assignment of error, Smith contends the trial court erred when it imposed the maximum sentence for each offense. Smith maintains his sentences are contrary to law because the trial court "ignored certain factors" and considered "extraneous factors outside of those laid out in R.C. 2929.11 and 2929.12." Smith asserts that the sentencing transcript indicates the court considered only that he "was on post-release control, has a previous conviction of felonious assault in which he properly served his time, and has a pattern of substance abuse." "Yet the court previously heard that [he] was in drug treatment during the pendency of these cases," "was on medication and had

---

[1] We have taken the assignment of error from page 1 of Smith's appellate brief; the assignment of error is worded slightly differently on page 4 of his brief.

mental health issues he was dealing with." Smith claims the court's findings show it "did not carefully consider the relevant factors" and claims the court "failed to address many of the other factors that would suggest a proper imposition of the maximum sentence." He also asserts that the court's findings show it "considered factors outside of the felony sentencing statutes." He claims that the court "only considered three factors when it imposed the maximum sentence suggesting that it used other outside factors when sentencing [him]." He also asserts that only explicitly considering three factors "does not 'use minimum sanctions' to 'protect the public from future crime and punish the offender' as the felony sentencing statute is set out to do." And he claims the record "does not reflect the trial court using the minimum sanctions to protect the public from future crime" and punish him.

{¶11} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2), which states:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶12} "A defendant bears the burden to establish, by clear and convincing evidence, that a sentence is either contrary to law or that the record does not support the specified findings." *State v. Helterbridle*, 4th Dist. Adams Nos. 21CA1149, 21CA1150,

2022-Ohio-2756, ¶ 9. " '[O]therwise contrary to law' means ' "in violation of statute or legal regulations at a given time." ' " *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34, quoting *Black's Law Dictionary* 328 (6th Ed.1990). "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶13}** R.C. 2929.11 states:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

* * *

**{¶14}** R.C. 2929.12(A) states:

Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply

with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

**{¶15}** R.C. 2929.12(B)-(E) provide nonexhaustive lists of seriousness and recidivism factors the court must consider. The factors the trial court found relevant in this case were the recidivism factors in R.C. 2929.12(D)(1), (2), and (4), which state:

(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing * * * [or] was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense * * * .

(2) The offender * * * has a history of criminal convictions.

* * *

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

**{¶16}** "Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, 'neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record.' " (Bracketed material sic.) *Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, at ¶ 20, quoting *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 20. Moreover, "R.C. 2953.08(G)(2) permits a record-does-not-support-the-sentence review only for sentences that are imposed pursuant to certain enumerated statutes, which do not include R.C. 2929.11 or 2929.12." *Id.* at ¶ 21, citing

*Jones* at ¶ 35-39. "R.C. 2953.08(G)(2) does not permit an appellate court to conduct an independent review of a trial court's sentencing findings under R.C. 2929.12 or its adherence to the purposes of felony sentencing under R.C. 2929.11." *Id.*, citing *Jones* at ¶ 41-42. "R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 22, citing *Jones* at ¶ 31, 39.

{¶17} However, "[b]ecause both R.C. 2929.11 and R.C. 2929.12 require the trial court to consider the factors outlined in those two statutory provisions, * * * a trial court's failure to consider the factors would render the sentence 'in violation of statute' and thus 'contrary to law.' " *State v. Poole*, 4th Dist. Adams No. 21CA1151, 2022-Ohio-2391, ¶ 17. In addition, "when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." *Bryant* at ¶ 22. Claims that raise these issues are therefore reviewable under R.C. 2953.08(G)(2)(b).

{¶18} Smith has failed in his burden to show that his sentences are contrary to law. The record reflects that the trial court considered R.C. 2929.11 and 2929.12. At the sentencing hearing, the court stated that it "considered" and was "guided by the purposes and principles of sentencing under 2929.11 and the seriousness and recidivism factors relevant to the offense and the offender in 2929.12(B) through (F)." And in the sentencing entries, the court stated that it "considered and is guided by the principles and purposes of sentencing under Ohio Revised Code Section 2929.11" and that it "considered and is guided by the seriousness and recidivism factors under Ohio Revised Code Section 2929.12(B)-(F), and the need for deterrence, incapacitation, rehabilitation and restitution."

It is true that at the sentencing hearing, the court explicitly made findings related to some R.C. 2929.12 factors—R.C. 2929.12(D)(1), (D)(2), and (D)(4)—but not others. However, that does not warrant a conclusion that the court did not consider the unmentioned factors, particularly when the sentencing entries stated that the court considered the factors in R.C. 2929.12(B)-(F) and found none of the factors in R.C. 2929.12(B), (C), (E), or (F) were relevant. *See generally State v. Branch*, 8th Dist. Cuyahoga No. 110050, 2022-Ohio-132, ¶ 25, quoting *State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, at ¶ 8 ("The mere fact that the trial court emphasized certain factors and did not mention others, does not lead us to conclude that the trial court failed to consider all relevant factors. It is generally accepted that 'a trial court's statement in its sentencing journal entry that it considered the required statutory factors is alone sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12' ").

**{¶19}** In addition, the suggestion that the sentences are contrary to law because the trial court ignored Smith's mental health issues, the fact that he was on medication, and his prior drug treatment is not well-taken. The sentencing entries state that the court "considered the record," which includes Smith's statements at the plea change hearing about his mental health issues and medication. The entries also state that the court considered defense counsel's oral statements at sentencing, which included statements about Smith's drug treatment, and considered Smith's certificates of completion from Alvis House. Thus, the record reflects that the court did consider Smith's mental health issues, medication, and prior drug treatment. The fact that it did not give greater weight to those circumstances does not make the sentences contrary to law. And to the extent Smith may be suggesting his prior treatment precluded the trial court from finding that he refused

treatment for purposes of R.C. 2929.12(D)(4), he failed to develop an argument on that point.

**{¶20}** Smith has also not shown that the trial court improperly considered any extraneous factors. Smith has not identified any factor the trial court considered which falls outside the bounds of R.C. 2929.11 and 2929.12. He appears to ask this court to find that the factors the trial court explicitly relied upon do not support maximum sentences, so the trial court must have improperly considered unidentified, extraneous factors to reach its decision. We will not make such an inference. "Trial court proceedings generally enjoy a presumption of correctness and an appellant has the burden to affirmatively demonstrate error." *State v. Pettygrove*, 4th Dist. Adams No. 12CA941, 2013-Ohio-1062, ¶ 7. And if this court were to infer a sentence was contrary to law and vacate it merely because we did not believe the factors the trial court identified supported it, we would in effect be vacating a sentence based on our view that it is not supported by the record under R.C. 2929.11 and 2929.12, which is not permitted under R.C. 2953.08(G)(2). *Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, at ¶ 22.

**{¶21}** For the foregoing reasons, we conclude the trial court did not err when it imposed maximum sentences. Accordingly, we overrule the sole assignment of error and affirm the trial court's judgments.

JUDGMENTS AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENTS ARE AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
      Michael D. Hess, Judge




## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**